**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WESLEY ELISHA GRISSOM**                                                **PETITIONER**
**ADC #110265**

**VS.**                            **CASE NO.: 5:10CV00050 SWW/BD**

**RAY HOBBS, Director**
**Arkansas Department of Correction**                                  **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I.**      <u>**Procedure for Filing Objections:**</u>

The following Recommended Disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this Recommended Disposition.  A copy will be

furnished to the opposing party.   Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.    **Introduction**:

Wesley Elisha Grissom, an inmate in the Arkansas Department of Correction,
brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2)
challenging his conviction and sentence in the Circuit Court of Garland County,
Arkansas.  Respondent filed a response (#9) and Petitioner filed a supplement (#14) and
reply (#15).  For the following reasons, the Court recommends that the District Court
DISMISS the petition with prejudice.

III.   **Background**:

On September 18, 2008, Petitioner entered a guilty plea to one count of first-
degree sexual assault.[1]  Following the plea, the Garland County Circuit Court sentenced
Petitioner to a 55-year term of imprisonment in the Arkansas Department of Correction.
Petitioner did not initially seek direct review of the sentence and conviction.[2]

On March 17, 2009, Petitioner filed a petition for writ of habeas corpus in the
Circuit Court of Lincoln County.[3]  The Court denied and dismissed the petition on June 9,

---

[1] As part of the plea agreement, the State of Arkansas reduced Petitioner's original
charge from Rape to First-Degree Sexual Assault.

[2] Petitioner eventually filed a motion for belated appeal with the Supreme Court of
Arkansas on April 14, 2009.  The Court denied the motion as meritless because Petitioner
had no right to a direct appeal from his guilty plea.  See *Grissom v. State*, 2009 Ark. 328,
2009 WL 1497508 (May 28, 2009).

[3] Petitioner acknowledged the filing of only one state petition for writ of habeas
corpus, stating that he filed this petition on February 1, 2010, in the Circuit Court of
Chicot County, Arkansas (#2, p. 3-4).  Neither Petitioner nor Respondent provided any
records of a February 1, 2010 filing in Chicot County.

2009 (#9, Ex. B).  On June 22, 2009, Petitioner appealed the dismissal to the Supreme

Court of Arkansas, which affirmed the dismissal on November 5, 2009.  *Grissom v. State*,

2009 Ark. 557, 2009 WL 3681389 (Nov. 5, 2009).

Petitioner filed the immediate federal petition on February 23, 2010, claiming that

his retained counsel coerced him into entering a guilty plea and that he was "rushed into a

decision out of fear and not guilt."  (#2, p. 5)  In response to the petition, Respondent

contends that Petitioner's claims are time-barred (#9).  In his reply and supplement,

Petitioner argues that his attorney's performance violated his right to effective assistance

of counsel (#14 and #15).

IV.    **Discussion**:

A.    **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C.

§ 2244(d)(1), establishes a one-year limitations period during which a state prisoner may

commence a federal habeas corpus proceeding under 28 U.S.C. § 2254.  The statute

provides that the limitations period begins to run from, "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time limit for

seeking such review."  28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner entered a guilty plea on September 19, 2008.  He could not

seek direct review of the conviction and sentence because it was the result of his guilty

plea.  See Rule 1(a) of the Arkansas Rules of Appellate Procedure-Criminal.

3

Consequently, the statute of limitations began to run on September 19, 2008, the date on which the Garland County Circuit Court entered the Judgment and Commitment Order. Petitioner did not file this habeas petition until February 23, 2010.  Accordingly, his claims are barred by the one-year statute of limitations, unless the limitations period is subject to statutory or equitable tolling.

Statutory tolling is governed by 28 U.S.C. § 2244.  Title 28 U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The limitations period remains tolled while the petition is pending.  The post-conviction petition is "pending" from the date of filing until "final resolution through the State's post-conviction procedures."  *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 2138 (2002).

In this case, Petitioner's conviction was final on September 19, 2008, and the limitations period began to run.  It continued to run until March 17, 2009, when Petitioner filed his petition for writ of habeas corpus in the Lincoln County Circuit Court.  See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.").  This period accounts for 180 days of the one-year statute of limitations.

The Lincoln County Circuit Court denied Petitioner's habeas petition on June 9, 2009 (#9, Ex. B, p. 72-74).  Petitioner filed a notice of appeal on June 22, 2009 (#9, Ex.

4

B, p. 75-76).  Consequently, the limitations period remained tolled during the pendency

of Petitioner's appeal.  See *Evans v. Chavis*, 546 U.S. 189, 191-192, 126 S.Ct. 846, 849

(2006) (post-conviction petition is pending between lower court's adverse determination

and the filing of a notice of appeal).

The Arkansas Supreme Court dismissed the appeal on November 5, 2009.

*Grissom v. State*, 2009 Ark. 557, 2009 WL 3681389 (Nov. 5, 2009), and Petitioner filed

the instant petition of February 23, 2010 (#2).  The period between the conclusion of the

post-conviction appeal and the filing of the instant petition accounts for another 110 days

of the one-year limitations period.

Accounting for statutory tolling, a maximum of 290 days of the one-year

limitations period elapsed prior to Petitioner filing the instant petition.  Accordingly,

Petitioner's filing was well within the one-year statute of limitations.

### B.    Petitioner's Plea and Sentence

Petitioner alleges one ground for relief in his habeas petition.  He alleges that his

trial counsel coerced him into entering a guilty plea.  (#2, p. 5).  In the supplement to his

petition, he alleges a violation of his Sixth Amendment right to effective assistance of

counsel because his counsel allegedly advised him that he could not appeal his guilty plea

and failed to file a timely notice of appeal (#14, p. 5-8).  Petitioner also argues that the

trial court erroneously enhanced his sentence by using a probation proceeding as evidence

of a prior conviction (#14, p. 10).

Petitioner has procedurally defaulted most of his claims.  Regardless of the procedural default, however, the grounds presented for relief have no merit.  See *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (*en banc*) (in the interest of judicial economy, a Court may address the merits of a petition despite likely procedural default).

First, Petitioner's counsel did not misinform him regarding appeal.  In fact, Petitioner could not have appealed from his guilty plea.  See Rule 1(a) of the Arkansas Rules of Appellate Procedure-Criminal.  During the plea hearing, the trial judge explicitly told Petitioner that he was giving up his right to appeal by pleading guilty (#9, Ex. B, P. 38).  And, Petitioner had no federal constitutional right to appeal.  *Abney v. United States*, 431 U.S. 651, 656 (1977).  Accordingly, Petitioner's contention that his counsel was deficient for advising him that he could not appeal and in failing to file a notice of appeal is wholly without merit.

Second, Petitioner's argument that the trial court erroneously enhanced his sentence by using a probation proceeding as evidence of a prior conviction is factually inaccurate.  During Petitioner's plea hearing, the trial judge specifically asked Petitioner about his prior felony convictions.  Petitioner admitted that he had been convicted of conspiracy to deliver cocaine and commercial burglary in 1997 (#9, Ex. B, p. 44).[4]  It appears that Petitioner's probation for the drug conviction was revoked.  This revocation was not addressed or discussed during the plea hearing.  Instead, the trial court counted

---

[4] Petitioner admitted he had additional felony convictions for residential burglary and commercial burglary in 1999 (#9, Ex. B, p. 44).

the conviction for conspiracy to deliver cocaine, not the probation revocation, as a prior

felony.

Petitioner stipulated to at least four prior felonies in his plea agreement.  He did

not argue at the hearing, and does not appear to argue now, that there was a mistake as to

these four felony convictions prior to his conviction for having had sexual intercourse

with an eleven-year-old.  Petitioner does not deny that he is an habitual offender.  His

allegation that the trial court erroneously enhanced his sentence by using a probation

proceeding as evidence of a prior conviction is completely unsupported.

During the plea hearing, Petitioner, his attorney, and the trial judge specifically

discussed Petitioner's habitual offender status (#9, Ex. B, p. 34-36).  The Court asked

Petitioner:  "[T]o the status of four-time habitual felon, how do you wish to plead?"  He

responded, "guilty." (#9, Ex. B, p. 42)  The trial judge then asked Petitioner about each

specific prior felony conviction (#9, Ex. B, p. 43-44).

Even if the trial judge's reliance on Petitioner's assertion that he was a four-time

felon was procedural error – and it was not –  rules of evidence and trial procedure are

matters of state law.  *Adail v. Wyrick*, 711 F.2d 99, 102 (8th Cir. 1983).  Errors in use of

evidence or trial procedure raise constitutional issues only when they are so egregious or

prejudicial as to amount to a denial of Due Process.  *Lovelace v. Lockhart*, 765 F.2d 742,

743 (8th Cir. 1985) (citing *Adail*, 711 F.2d at 102).  There is no indication that the trial

court violated Petitioner's right to Due Process in this case.

Finally, Petitioner's conclusory allegation that his trial counsel coerced him into entering a guilty plea out of fear of going to trial is not supported by the record. A guilty plea is constitutionally valid only to the extent that it is voluntary and intelligent. *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604 (1998). The trial judge specifically asked Petitioner whether anyone had used any force or threats to persuade him to plead guilty, to which Petitioner replied, "No, ma'am." (#9, Ex. B, p. 38-39) Petitioner then replied affirmatively to the trial judge's finding that Petitioner intelligently, knowingly, and voluntarily entered his plea of guilty (#9, Ex. B, p. 44-45). The trial judge announced the sentence, then gave Petitioner another opportunity to change his plea to not guilty (#9, Ex. B, p. 45, 47). Petitioner declined.

Petitioner argues that he was not competent to understand the judicial process. The record, however, shows that Petitioner had extensive prior experience with the judicial process, which included at least four prior felony convictions. There is no indication in the record that competency was an issue in this or any previous judicial proceeding.

Petitioner now believes he made a bad deal. A plea's validity, however, may not be collaterally attacked merely because the defendant made what turned out to be, in retrospect, a poor decision. *Bradshaw v. Stumpf*, 545 U.S. 175, 186, 125 S.Ct. 2398, 2407 (2005). In this case, Petitioner had every opportunity to face trial for rape, as an habitual offender. Instead, he chose to enter a guilty plea to the lesser charge of first-degree

sexual assault.  After extensive review of the record and Petitioner's plea hearing, this Court cannot find merit in any of Petitioner's grounds for habeas relief.

**V.**     **Conclusion:**

For the reasons stated, the Court finds no merit in any of Petitioner's grounds for habeas relief.  Accordingly, the Court recommends that the District Court DENY and DISMISS Wesley Elisha Grissom's Petition for Writ of Habeas Corpus (#2), with prejudice.

DATED this 31st day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE